UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACK SUPINGER,<br><br>    Plaintiff,<br><br>    v.<br><br>PLEASANTON FITNESS LLC,<br><br>    Defendant. | No. 2:15-cv-01192-KJM-GGH<br><br><br><br>ORDER |

    This matter is before the undersigned pursuant to Local Rule 302(c)(21). Currently pending before the court is plaintiff's motion to compel, filed on December 2, 2015, and noticed for hearing on January 21, 2016.

    Local Rule 251 requires that prior to the filing of a notice of motion to compel, or prior to the scheduled hearing, the parties involved confer and attempt to resolve their differences. L.R. 251(b). If the party moving to compel is still dissatisfied, he "shall draft and file a document entitled 'Joint Statement re Discovery Disagreement.'" L.R. 251(c). All parties concerned with the discovery motion must assist in the preparation of, and sign, this joint statement. Id. The joint statement must include:

        (1) The details of the conference or conferences;

        (2) A statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing; and

1

> (3) The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.

Id.  The joint statement must also reproduce, in full, every discovery request and accompanying objection that is the subject of the motion to compel.  Id.  "The respective arguments and supporting authorities of the parties shall be set forth immediately following each such objection."  Id.

If the moving party is unable to arrange the required conference or execute the required joint statement he must file an affidavit so stating.  L.R. 251(d).  That affidavit must explain the efforts made by the moving party to arrange the conference and execute the required statement, opposing counsel's responses thereto, and the moving party's contentions as to the issues to be determined at the hearing.  Id.  A joint statement need not be filed when: (1) the motion to compel seeks only discovery sanctions; or (2) there has been a complete and total failure to respond to a discovery request.  L.R. 251(e).

Plaintiff, the moving party, has not filed a joint statement or an affidavit in accordance with Local Rule 251.  Accordingly, the court will continue the January 21, 2016, hearing set for plaintiff's motion to compel to **February 25, 2016**.  The court will also order plaintiff to confer with defendant regarding the discovery dispute and file a joint statement **by February 18, 2016**.  If plaintiff cannot arrange the required conference or execute the required joint statement, he must file an affidavit stating so instead.  A failure to do the foregoing will result in an order by the undersigned denying plaintiff's December 2, 2015, motion to compel.

In accordance with the foregoing, THE COURT HEREBY ORDERS that:

1. The January 21, 2016, hearing on plaintiff's motion to compel is continued to **February 25, 2016**;

////

////

////

////

2. Plaintiff must meet and confer with defendant and file a joint statement or affidavit by **February 18, 2016.** A failure to do so will result in an order denying plaintiff's motion to compel, ECF No. 12, for failure to comply with Local Rule 251.

Dated: January 19, 2016

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

/supi1192.mtc.vaca

3